Citation Nr: 1101576 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 10-00 768 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, 
Pennsylvania


THE ISSUE

Entitlement to waiver of overpayment due to change in dependents.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Finn, Associate Counsel




INTRODUCTION

The Veteran served on active military duty from July 2001 to May 
2004.

This appeal to the Board of Veterans' Appeals (Board) is from an 
April 2009 decision of the Department of Veterans Affairs (VA) 
Regional Office (RO) in Pittsburgh, Pennsylvania.

In August 2008, the Veteran requested that the jurisdiction of 
her claim be transferred to Pittsburgh, Pennsylvania, RO.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the Veteran if 
further action is required.


REMAND

The Veteran requested a travel board hearing as indicated on the 
December 2009 VA Form 9. A hearing was not scheduled. Under 
applicable regulations, a hearing on appeal will be granted if a 
Veteran, or his representative, expresses a desire to appear in 
person. 38 C.F.R. § 20.700 (2010). Because failure to afford 
the Veteran the requested hearing would constitute a denial of 
due process and result in any Board decision being vacated, 38 
C.F.R. § 20.904(a) (2010), this matter must be addressed before 
the Board promulgates a decision as to that issue. 


Accordingly, the case is REMANDED for the following action:

The RO should make arrangements to schedule 
the Veteran for a travel board hearing 
before a Veterans Law Judge at the RO in 
accordance with applicable procedures. The 
Veteran and her representative should be 
notified of the time and place to report 
for the hearing.

The Veteran has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2009).



_________________________________________________
N. RIPPEL
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).